# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* ALEXANDER H. REAVEY, APPELLANT.

*Larceny — what constitutes the crime under sections 528 and 531 of the Penal Code — sufficiency of the allegations of the crime in the indictment — what allegations are required as to the jury finding the indictment — duty of the district attorney to elect upon which count he will proceed — what discrediting questions may be put to defendant on cross-examination — charge of the judge — as to the effect of the evidence of good character — as to a case of conflicting testimony — as to duty of the jury in a case of reasonable doubt — motion for a new trial.*

The defendant was convicted of larceny in the second degree in obtaining money by means of false pretenses. The defendant, an attorney, had been employed by the complaining witness to obtain a divorce from her husband. By representations made from time to time, as to the progress of the action, he procured from the witness various sums of money, each less in amount than twenty-five dollars, and finally the sum of $165, upon the representation that a decree had been obtained, which the judge had still to examine. In fact nothing had been done in the action beyond issuing a summons which had never been served, of which facts the defendant was well aware.

*Held,* that these facts justified a conviction of larceny in the second degree under sections 528 and 531 of the Penal Code.

The indictment alleged that the defendant obtained from the witness " the sum of $275 in money, lawful money of the United States, and of the value of $275 of the proper moneys " of the witness, and that he " did feloniously obtain the said sum of money of the proper moneys, goods, chattels and personal property " of this witness.

*Held,* that the money was sufficiently described in the indictment to satisfy the requirements of the Code of Criminal Procedure.

The Code of Criminal Procedure does not require the indictment to show that the grand jury was drawn or sworn. It is sufficient if it state that the grand jury of the county in which the indictment was found accuse the defendant of the crime alleged in it.

Whether or not the district attorney shall be compelled to elect upon which of two charges, for different grades of the same offense, he will proceed, rests in the discretion of the trial court, and an error in its exercise will not justify a reversal of the conviction.

Upon the cross-examination of the defendant, who had been examined in his own behalf, it was shown that he had been suspended by the action of the Supreme Court from his office as an attorney and counselor.

*Held,* that this was proper, as it tended to affect his credit as a witness, inasmuch as the order would not have been made without satisfactory proof of professional misconduct on his part.

The charge and refusal of the court to charge, as to the effect of evidence bearing upon the good character of the defendant, considered and approved.

There was a direct conflict between the evidence of the defendant and that of the complaining witness, and of at least one other witness who testified. The court was requested to charge that, if any witness had willfully perverted the truth, they could disregard the whole of the testimony of such witness. The judge charged: " Yes, I do not charge it as a matter of law, but the jury have a right to consider the whole testimony; you have a right to do so, gentlemen, but I cannot instruct you, as a matter of law, upon that point, that you must do so."

*Held,* no error.

After the judge had repeatedly directed the jury that if they entertained a reasonable doubt as to the defendant's guilt, he was entitled to a verdict of acquittal. He was asked to charge that, to justify a conviction, " the evidence must exclude, to a moral certainty, every hypothesis but of guilt, and be consistent with all the facts."

*Held,* that it was not error to refuse to so charge.

Upon a motion for a new trial an affidavit was read, stating that one of the jurors in attendance, but who was not drawn for this trial, was engaged in conversation with the complaining witness, and that the defendant supposed and believed that the conversation related to him; that, after the conversation was terminated, this juror crossed the court-room and engaged in conversation with another juror, who acted as such upon the trial.

*Held,* that the motion was properly denied.

Appeal from a judgment of the Court of General Sessions of the county of New York, convicting the defendant of the crime of larceny in the second degree, and from an order denying a motion made for a new trial.

*A. Suydam,* for the appellant.

*Delancy Nicholl,* assistant district attorney, for the respondent.

Daniels, J.:

The defendant was convicted of the crime of larceny in the second degree for obtaining money by means of false representations or pretenses, as that offense has been defined by sections 528 and 531 of the Penal Code. He had been employed by the com-

plaining witness to obtain a divorce for her, dissolving her marriage with her husband, and from time to time represented to her that the action was in different stages of progress, and finally that he had obtained a decree, which the judge still had to examine, and upon that required from her a further payment, which he received, of the sum of $165. The other payments which were made were in small sums, neither of them exceeding the sum of twenty-five dollars, and, as the jury found him guilty by their verdict of the crime of grand larceny, it must have been for obtaining this sum of $165 upon this representation. The representation itself, as well as the others made by him concerning the progress of the action, were false, and must necessarily have been known to him to be so. For while a summons had been issued in the action for service, it never had been served, no suit had in fact been commenced, and the complaint, which was at some time drawn, was never verified. There was, accordingly, sufficient proof upon which the defendant could be convicted under these sections of the Code, as well as the general principles of law applicable to this class of cases. (*People* v. *Baker*, 96 N. Y., 340.)

It has, however, been urged upon the argument of the appeal that the indictment did not sufficiently describe the money, which it was averred had been obtained by means of the pretenses made use of, from the complaining witness. The averment is that the defendant obtained from her " the sum of two hundred and seventy-five dollars in money, lawful money of the United States, and of the value of two hundred and seventy-five dollars, of the proper moneys," etc., of the complaining witness, and that he did " feloniously obtain the said sum of money of the proper moneys, goods, chattels and personal property " of this witness. Cases have been assiduously selected and presented in support of the objection that this was not a sufficient description of the money obtained by the defendant of the prosecuting witness. But as the authorities were examined and followed in *Miller* v. *People* (21 Hun, 443), the indictment does not seem to have been defective in this respect. But the sufficiency of the indictment is not now to be determined by these authorities considering and applying the technical principles of the common law. For they have been in a great measure superseded by the enactment of the Code of Criminal Procedure.

And the question, accordingly, to be considered is not whether this indictment might in this respect be held to be defective under the preceding practice, but whether it is sufficient under the provisions of the Code of Criminal Procedure. By subdivision 2, section 275 of these provisions, no more in this respect has been required in the indictment than " a plain and concise statement of the act constituting the crime." By the succeeding section the general form of an indictment has been provided, and that requires for this purpose no more than the name of the crime and " a brief description of it, as it is given by the statute." And this indictment certainly did contain as much of a description as was required to describe and designate the crime within the language of section 528 of the Penal Code. It has further been declared, by section 284 of the Code of Criminal Procedure, that the indictment is sufficient in the description of the crime if it can be understood from it that the alleged crime was committed at some place within the jurisdiction of the court, prior to the finding of the indictment, and " that the act or omission charged as the crime, is plainly and concisely set forth," and that " it is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the right of the case." And it was further declared by section 285, that " no indictment is insufficient, nor can the trial, judgment or other proceedings thereon be affected by reason of an imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant upon the merits." This indictment was very clearly sufficient within these sections of the Code of Criminal Procedure, for it distinctly charged the defendant with unlawfully, by means of false pretenses and representation, known to him to be false, obtaining this sum of money from the complaining witness. It was framed in such a manner as clearly and distinctly to charge this offense and to be incapable of being misunderstood by the defendant when he was arraigned and tried upon it. And that it was not misunderstood appears by his own testimony, in which he acknowledged the receipt of this sum of $165, as well as the other smaller amounts mentioned by the witness in the course of her evidence.

By the same provisions of the Code of Criminal Procedure, the objection that it does not appear by the indictment that the grand

jury was drawn or sworn is fully met, for that is not now required to be stated. All that has been directed to be inserted in it concerning the action of the grand jury is by section 276, requiring the statement that the grand jury of the county in which the indictment is found, accuse the defendant of the crime alleged in it. And by subdivision 2 of section 284, it has been declared to be sufficient, "that it was found by a grand jury of the county, or, if in a city court, of the city in which the court was held." It was also averred in the indictment, both specially and generally, that the pretenses or representations made use of by the defendant were not only false, but were also known to him to be false, at the time when they were made, and were both false and fraudulent. The indictment, accordingly, under the law now applicable to it, and directing what it shall contain, was a sufficient indictment against the defendant.

There was no objection, whatever, taken during the trial to the sufficiency of the proof as to the particular character of the money received by the defendant of the complaining witness. If there had been, it might probably have been supplied by her further examination. It was rather assumed, in the conduct of the trial, that the money paid to him was within the description contained in the indictment. And for that reason it was generally described as so much money paid or delivered by the complaining witness to the defendant. Her statement is that on one occasion she gave him fifteen dollars; on another, twenty-five dollars; and on another, ten dollars; and finally this sum of $165. And the payments were in like manner mentioned and referred to by the defendant, in the course of his own evidence, and no greater particularity of proof in this respect was either suggested or required by any objection made in the case. This did comply substantially with the averment in the indictment. The important and material accusation was that he had obtained so much money from the witness, and that this evidence had clearly a tendency to establish.

There was no objection made at any time to proof being given of the payment of the smaller sums of money, or to the particular representations by which they were obtained. But if there had been, the objection must necessarily have been unavailing, for this was competent proof upon the question of the defendant's inten-

tion. The money was all applicable to one general subject-matter, and his conduct and statements concerning it were pertinent evidence, exhibiting the intention by which he was governed in obtaining the money.

After these several sums were proved to have been paid to him, the defendant's counsel requested the court to compel the district attorney to elect upon which charge he intended to prosecute. That was not done, but it was stated by the judge, presiding at the trial, that he thought he would confine the people to the charge of larceny of the $165. But he did not do so at that time, but stated that he would see what he should do as the trial progressed. To this no objection was taken on the part of the defendant, but the trial apparently proceeded upon that understanding, and the proof was afterwards mainly directed to this sum of money. At the close of the People's case the same request was renewed and the judge stated he would decide that question before the case went to the jury, and to that course no objection whatever was taken. Neither does it appear that any other action was taken upon this subject before the case was submitted to the jury. After acquiescing, as the defendant did by his counsel, in this disposition of these repeated requests, he cannot now assign as error, in the course of the trial, the omission of the court to require the district attorney to make this election.

It is probable, however, even though no disposition may have been formally made of this subject, that the case was so submitted to the jury, and that such was their understanding of the inquiry to be followed by them. For, by their verdict, they found the defendant guilty of grand larceny, which could only have been done for the unlawful obtaining of this sum of $165. But if the court had omitted to require the district attorney to elect, or substantially to submit the case to the jury, upon the theory that the defendant could only be convicted for obtaining this sum of money, a reversal of the judgment could not be secured upon that circumstance. For whether the district attorney should be required to make such an election or not, upon evidence of this description, is to be determined by the sound discretion of the court before which the trial takes place. (*People* v. *Baker*, 3 Hill, 159; *Cook* v. *People*, 2 N. Y. Sup. Ct. [T. & C.], 404; *People* v. *Satterlee*, 5 Hun, 167;

*Armstrong* v. *People,* 70 N. Y., 38; *Hawker* v. *People,* 75 id., 487.) Neither was there any failure shown on the part of the court to admonish the jury, at each of its adjournments, that it was their duty not to converse among themselves on any subject connected with the trial, or to form or express any opinion thereon, until the case was finally submitted to them, as that was required by section 415 of the Code of Criminal Procedure. The case in no manner, either directly or indirectly, discloses any failure to comply with this direction of the Code. And an omission to discharge this duty cannot be presumed.

Nor was it improper to allow the fact to be shown by the defendant, on his cross-examination, that he had been suspended by the action of this court from his office as an attorney and counselor. It was a specific fact, having a tendency to affect his credit as a witness, inasmuch as the order would not have been made without satisfactory proof of professional misconduct on his part. And that such evidence may be obtained from the defendant, who offers himself as a witness in his own behalf, is sustained by *People* v. *Irving* (95 N. Y., 541, 544, 545).

The objection that the proof could only be made by the production of the order itself was not taken at the trial; if it had been, it might then and there have been obviated by the production of the order. The objection which was taken was to a different question, and then in a form too general to be of any service to the defendant, even if that question itself had been objectionable.

There was no suggestion made at the trial that the court should explain to the jury the extent of the punishment which the law provided for the offense in case of the conviction of the defendant, and for that reason the case of *People* v. *Cassiano* (30 Hun, 388) has no application to the present appeal. In the same connection it has been urged that the court did not go as far as it should have gone in the charge in explaining to the jury the effect of the evidence as to character. But while a large number of requests were presented to the court after the charge had been delivered, which were, in the main, favorably disposed of to the defendant, nothing was suggested and no exception taken upon this particular subject. The attention of the jury was directed to the fact that the evidence of good character should be taken into consideration

by them — that offered on the part of the defendant, as well as that offered on the part of the people. The evidence offered on behalf of the people consisted of this fact, that the defendant had been suspended from the practice of his profession by the action of this court. And the attention of the jury was then directed to what was claimed, on the part of the people, as to the evidence of character, and that the claim was, "that he does not show affirmatively that he has that high character for probity and honesty which should greatly weigh in his favor, and they draw your attention to the fact that the Supreme Court of this State has, in one instance, passed unfavorably upon his character. I am not going to comment upon the evidence as to whether it preponderates against him or in his favor. Take all the evidence into consideration, and give it such weight as you think it is entitled to." That covered the whole ground, in a concise and direct manner, over which the evidence as to character had extended. The court undertook no responsibility concerning it, but left it entirely to the jury to give it such weight as they deemed proper. In the course of his evidence concerning his suspension, the defendant stated that the referee's report was favorable to him, but that he failed to appear before the court at the time when its action was taken upon his case, although he had notice served upon him for that purpose. This statement that the referee's report was favorable to him did not exonerate him from the effect of the fact of his suspension, for the court could not, and would not, have ordered it unless it had become satisfied, from the evidence, that he had been guilty of professional misconduct. And the action which was taken necessarily established the fact that such a conviction had been reached in the mind of the court. And all that the judge presiding at the trial did, was to direct the attention of the jury, in substance, to this fact. The court had passed unfavorably upon the defendant's professional character, and the allusion made to what was claimed on the part of the people, as to the evidence of character, was, therefore, supported by the fact. What was said upon this subject did not then meet the disapprobation of the counsel for the defendant, for he not only failed to request a further direction or observation concerning it to the jury, but failed to except to what was said by the judge. It is true that such failure to except would not pre-

clude the defendant from relying upon this point, if it had been unfavorably disposed of as to him upon the trial, for, by section 527 of the Code of Criminal Procedure, as amended by chapter 360 of 1882, a new trial may be ordered when justice may require that to be done, although no exception has been taken. But nothing was said or suggested by the judge concerning this part of the case, rendering the exercise of this authority proper on the part of the court, under the circumstances appearing.

There was a direct conflict between the evidence of the defendant and that of the complaining witness, and of at least one other witness, who testified upon the trial. And upon that, the court was requested to direct the jury that if any witness had willfully perverted the truth, they could disregard the whole of the testimony of such witness. To that the judge responded: "Yes, I do not charge it as a matter of law, but the jury have a right to consider the whole testimony." The same request was then, in substance, repeated, when the response was: "You have a right to do so, gentlemen, but I cannot instruct you, as a matter of law, upon that point, that you must do so." And that, under the authorities applicable to the condition in which this case was presented to the jury, was all that could consistently be said to them. The case presented a square conflict of evidence whether the complaining witness or the defendant himself testified untruthfully. And that appears to be the fact, also, as to one or more of the other witnesses in the case, and whether the evidence of either should be wholly rejected and disregarded by the jury, if they found that the witness giving such evidence had testified willfully false, was a fact for them to consider and determine. If the false statement was one which contaminated the entire testimony of the witness, or indicated him or her, to be entirely unreliable, then it would be right and proper that all the evidence of that witness should be rejected and excluded from consideration. While, if it necessarily included only an isolated statement, and the residue of the evidence appeared probable, and was consistent with the other evidence in the case, and was reasonably sustained as to its probability, the jury would still be at liberty to act so far upon it. The case was left to them, in this respect, in that manner and that is all, and the most that

could be required to be done for the benefit of the defendant. (*Deering* v. *Metcalf*, 74 N. Y., 501, 504-507; *People* v. *Moett*, 23 Hun, 60, and *Moett* v. *People*, 85 N. Y., 373.) The court was also requested to charge that, "if the jury believe that any witness was mistaken in respect to any fact, they may disregard all of such witnesses' testimony." The judge responded: "The jury may disregard any or all of the testimony; it is purely a question for the jury; simply a question for the jury to determine." To this answer no complaint can be made on the part of the defendant. It was within their province, under the rules suggested by the court for their guidance and consideration, either to believe or reject the evidence. But if they should act beyond that rule and disregard the testimony in the case, then it was clear that no conviction of the defendant could have been secured, and he was by no possibility injured by what was said. Over this subject the court accordingly gave the jury a greater degree of liberty in his favor than he was entitled to ask should be accorded to them.

The court was also requested to say to the jury, that if the prosecution had been instituted with malice, or with the intent to effect a return of the money, they should take that into consideration and reprobate or condemn it. And they were directed that if the prosecution was instituted with malice, the jury should take that into consideration. The defendant excepted to that direction, but, of course, it is plain that there is nothing in the exception. The request was made that the court should charge that "the evidence must exclude to a moral certainty every hypothesis but of guilt, and be consistent with all the facts to convict." The court declined to add anything further upon this subject than had already been stated. And in that the judge was supported by the fact that he had already not only at one time, but had repeatedly directed the jury that if they entertained a reasonable doubt as to the defendant's guilt he was entitled to a verdict of acquittal. That was all that the law upon this part of the case required. And this particular request was not appropriate to the positive evidence upon which this indictment was tried. The rule referred to in it is applicable only to a case depending upon circumstantial evidence (*People* v. *Bennett*, 49 N. Y., 137–144), and not to a case like this, where the testimony was direct and positive and obtained from a living witness.

Neither was the court bound to subdivide the point of reasonable doubt by limiting it to any particular branch of the case. What the law has provided is, that when there may be a reasonable doubt upon the case the jury shall be required to acquit, and no more than that can be required on the part of the defendant. (*People* v. *O'Connell,* 62 How., 436.)

It has been further insisted that the judge was in an error in stating to the jury that the uncontradicted evidence went to show that not a single step had been taken in the action to obtain a divorce. But on attention being called to the state of the proceeding, this was corrected by the charge that if a summons was prepared and placed in the hands of a person for service, that in law is the commencement of an action, and that was the only step which, according to the testimony of the defendant himself, was taken at any time for the commencement of a suit to obtain a divorce.

The case was carefully, as well as minutely, presented by the judge to the jury, and no prejudice could have resulted by any possibility to the defendant from any oversight or erroneous statement, which has now been alleged in his behalf in support of the present appeal. In all respects his rights were carefully, as well as minutely, guarded, and the verdict returned by the jury was well warranted and supported by the evidence.

After the verdict was returned, and upon the hearing of the motion for a new trial, an affidavit was made by the defendant, and read in support of the motion, stating the fact that one of the jurors in attendance, but who was not drawn as such for his trial, was engaged in conversation with the complaining witness, and that the defendant supposed and believed that the conversation related to himself; that after that conversation was terminated, this juror crossed the court-room and engaged in conversation with another juror, who acted as such upon the trial. But what the conversation between these two jurors was in no manner appears. From the affidavit it cannot be inferred that it related to this particular case. There is nothing in the case on which the court can interfere in behalf of this defendant. He seems to have been properly and legally convicted, and the judgment, together with the order, should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment and order affirmed.